

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-2913
Re: Whether it is a violation of the
laws of Texas to kill and possess
wood ducks.

Your letter of November 13, 1940, requesting a legal opinion from this Department in answer to the above question, reads in part as follows:

"Article 885, Penal Code, prescribes a five year closed season on wood ducks. This provision of the Penal Code expired by its own terms in 1930; that is, five years from the date of its enactment, in 1925.

"Article 879e, Penal Code, provides that there shall be an open season to 'take or kill wild ducks of all kinds' which is followed by the parenthetical expression, (except wild wood Ducks). I find no provision in the statutes prescribing a penalty for killing Wood Ducks.

"Senate Bill #81, Third Called Session, 43rd Legislature, apparently authorized the Game, Fish & Oyster Commission to enact rules and regulations governing the taking of certain game, and declared an open

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Shelburne H. Glover, Page 2

season. In pursuance to this authorization the Commission on October 14th, 1940, declared an open season for ducks, etc, and followed the designation of certain species with the parenthetical expression (except wood ducks.)

"Under Articles 1, 2, and 3 of the Penal Code of the State of Texas, I understand that no person shall be punished for any act or omission 'unless the same has made a Penal Offense and a penalty affixed thereto by the written law of this State.'

"Not only do I fail to find any written law making it a violation of the Penal Code to kill Wood Ducks, but it is my candid opinion that even if the Game, Fish & Oyster Commission has expressly made it a violation of the law to kill Wood Ducks, it would be an unwarranted delegation of the legislative authority to a Board having purely ministerial duties.

"I have had many controversies with the game wardens about this matter, and while I am anxious to cooperate with them in the enforcement of the law, I cannot conscientiously prosecute a person charged with killing a Wood Duck. A majority of the offenders do not know a Wood Duck from any other species."

The 43rd Legislature at its Third Called Session in 1934, enacted Senate Bill No. 31, known as the Wild Game Law (Article 881b, Vernon's Annotated Penal Code; Acts 1934, 43rd Leg., 3rd C. S., p. 114, Ch. 61) for the manifest purpose of correcting in the future any conflicts between State laws and Federal regulations. Section 8 of the Act, the emergency clause, reads in part as follows:

"The fact that the existing law of this State for taking the species of wild birds named in this Act is in conflict with Federal regulations, which has just been promulgated by the President of the United States and the fact that changing conditions surrounding the water fowl supply of this continent is causing the Federal regulations to be changed from year to year, and that, therefore, regulations for this State that will not be in conflict with Federal regulations can best be provided by the Game, Fish &

Honorable Shelburne H. Glover, Page 3

Oyster Commission of this State creates an emergency and an imperative public necessity. . . ."

Section 1 of the Act provides, among other things, that it shall be unlawful for anyone to hunt, take, or pursue any wild ducks at any time other than during the open season provided for the taking, hunting or pursuing of such game birds: "open season" being defined as the period of time when it shall be lawful to take, kill, pursue or attempt to take or kill any of the game birds named.

Section 2 of the Act provides that any person who takes, kills, pursues or attempts to take or kill any game bird named in the Act at any time other than during the open season provided therefor shall be guilty of a misdemeanor and upon conviction shall be fined in a sum not less than $25.00 nor more than $100.00, together with a forfeiture of his hunting license for one year following the date of his conviction.

Section 3 of the Act repeals all laws or parts of laws pertaining to open seasons and bag limits.

Section 4 of the Act provides that "the Game, Fish & Oyster Commission of the State of Texas is hereby charged with the duty of proclaiming the open seasons and bag limits to regulate the taking or possession of any of the game birds named in this Act."

Section 5 of the Act imposes the duty upon the Commission of making investigations and procuring information whereby it may carry out the legislative mandate expressed in Section 4 of the Act.

Section 6 of the Act provides that "any open season for the taking or killing of any of the species of game birds named in this Act . . . shall be proclaimed by the Game, Fish and Oyster Commission immediately after the passage of this Act and thereafter not later than October 1st, of any year."

Section 7 of the Act authorizes any interested party affected by the conservation regulations of this State promulgated by the Commission to file a suit against the Commission to test the validity of the regulations promulgated by the Commission.

The Federal regulations relating to wild ducks prohibits the killing and possessing of wood ducks; in conformity

Honorable Shelburne H. Glover, Page 4

thereto, the Game, Fish & Oyster Commission of the State of Texas has not proclaimed an open season for the hunting of wood ducks in Texas.

It is elementary, of course, that the Legislature is powerless to delegate to a Board or Commission the power to declare what shall constitute a criminal offense, together with the punishment therefor. However, it is competent for the Legislature to authorize a Commission to prescribe certain duties on which the law may operate in imposing a penalty whereby the broad general purposes in enacting the law may be effectuated. It is an indispensible requirement in the latter situation that the Legislature itself prescribe the penalty for the violation of the rules and regulations which it has authorized the administrative body to promulgate. Such a statute is constitutional because the legislative function of defining crimes and prescribing the punishment therefor has not been delegated to an administrative body.

In United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563, the Forest Reserve Act, which delegated power to the Secretary of Agriculture to promulgate rules and regulations covering forest reservations, the violation of which would constitute a criminal offense for which a penalty was prescribed, was held constitutional. In an exhaustive opinion by Mr. Justice Lamar it was declared:

> "That 'Congress cannot delegate legislative power is a principle universally recognized as vital to the integrity and maintenance of the system of government ordained by the Constitution,' Marshall Field & Company v. Clark, 143 U. S. 692, 36 L. Ed. 309, 12 S. Ct. 495. But the authority to make administrative rules is not a delegation of legislative power, nor are such rules raised from an administrative to a legislative character because the violation thereof is punished as a public offense.

> "It is true that there is no act of Congress which, in express terms, declares that it shall be unlawful to graze sheep on a forest reserve. But the statutes from which we have quoted declare that the privilege of using reserves for 'all proper and lawful purposes' is subject to the proviso that the person so using them shall comply with the rules and regulations covering said forest reservation. The same act makes it an offense to

Honorable Shelburne H. Glover, Page 5

> violate these regulations; that is, to use them
> otherwise than in accordance with the rules estab-
> lished by the secretary. . . .

> "If after the passage of the act and the pro-
> mulgation of the rule, the defendants drove and
> grazed their sheep upon the reserve, in violation of
> the regulations, they were making an unlawful use of
> the government's property. In doing so they thereby
> made themselves liable to the penalty imposed by Con-
> gress."

In Mulkey v. State, 83 Tex. Crim. 1, 201 S. W. 991,
the Court of Criminal Appeals of Texas announced this same rule
in connection with the Tick Eradication law. Mulkey was charged
with violating Order III of the Commission, was convicted in
the trial court and on appeal contended that the information on
which he was convicted charged no offense because it charged
the violation of an order prescribed by the Livestock Sanitary
Commission, and not an act of the Legislature, and that the
Legislature could not delegate the law making power to said
Commission in violation of Section 1, Article III of the Con-
stitution.

The court said:

> "Under these authorities we think the authority
> given to our Livestock Sanitary Commission to quarantine
> livestock and to adopt rules and regulations to enforce
> the same, when properly promulgated by the Governor,
> is not the exercise of legislative functions by the Com-
> mission, and that such rules and regulations so properly
> promulgated are valid, and the violation thereof may be
> made an offense. This results in holding that the indict-
> ment herein was valid in charging an offense."

Accordingly, it is our opinion that Senate Bill No.
31, the Wild Game Law under review, is not violative either of
the Constitution of Texas or of Articles 1, 2, and 3 of the
Penal Code of Texas.

It can only be concluded from an analysis of Senate
Bill No. 31 that the Legislature has declared it to be unlaw-
ful to kill the wild game described at any time other than dur-
ing the open season provided for in the Act, which was to be
as proclaimed by the Game, Fish & Oyster Commission. The pen-

534

alty for such violation is likewise prescribed by the Legislature in Section 2. When, therefore, the Commission has not promulgated an open season with reference to wood ducks, a species of wild ducks, the killing of same would constitute a penal offense under the laws of Texas.

You are, therefore, respectfully advised that it is a violation of the laws of Texas to kill and possess wood ducks at any time other than during an open season provided therefor by proclamation of the Game, Fish & Oyster Commission of the State of Texas; inasmuch as the Commission has not by proper proclamation provided an open season for the hunting, taking, pursuing or possession of wood ducks, it follows that it would be a violation of the laws of Texas for a person to kill and possess this particular species of wild duck.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:BBB          APPROVEDNOV 27, 1940

ATTORNEY GENERAL OF TEXAS

